415 P.2d 538

The CITIZENS BANK, FARMINGTON, New Mexico, Plaintiff-Appellee,

v.

ROBINSON BROTHERS WRECKING, a Partnership, Defendant-Appellant.

No. 7904.

Supreme Court of New Mexico.

June 20, 1966.

Marvin Baggett, Jr., Farmington, for :appellant.

Palmer & Frost, Farmington, for appellee.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

Appellee, The Citizens Bank, Farmington, New Mexico, filed its suit against Alfred Elliott and Robinson Brothers Wrecking, a Partnership, alleging that the defendant Alfred Elliott was in default under the provisions of a security agreement covering a pickup truck and further alleging that defendant Robinson Brothers Wrecking claimed an interest in the vehicle. Appellee further alleged that it was entitled to possession of the vehicle that was being wrongfully detained by the defendants, all to the appellee's damage in the amount of $500.00.

The appellee filed its complaint, its affidavit in replevin, and its bond in replevin in the district court. On the same day, the clerk of the court issued a writ of replevin in the case to the sheriff for service. On the following day, the sheriff served the writ of replevin and a copy of the complaint on Elmer Robinson, one of the partners in Robinson Brothers Wrecking, and took possession of the vehicle, which was then delivered to the plaintiff. No process was ever served on the defendant Alfred Elliott. Approximately forty days after the service of the writ and a copy of the complaint, the clerk of the court issued and filed a certificate of default as to the defendant Robinson Brothers Wrecking. On the same day, a judgment was signed and filed, finding the issues in favor of the appellee and against the defendant Robinson Brothers Wrecking. Some two months after judgment, the de-

fendant Robinson Brothers Wrecking filed a motion to set aside the judgment, on the ground that it had never been served with a summons. From an order denying this motion, the defendant has appealed.

The appellant and the appellee agree that no civil "summons" as provided by § 21-1-1(4) (b), N.M.S.A., 1953 Comp., was served upon the appellant.

The sole contention made here by the appellant is that no summons having been issued and served, the court was without jurisdiction of the appellant and the judgment subsequently entered was void.

The writ of replevin that was issued by the clerk and served by the sheriff and the sheriff's return are disclosed by the record to be in the following form:

"STATE OF NEW MEXICO      COUNTY OF SAN JUAN
IN THE DISTRICT COURT

THE CITIZENS BANK, FARMINGTON, NEW MEXICO
Plaintiffs,

Vs.

ALFRED ELLIOTT and ROBINSON
BROTHERS WRECKING, a Partnership

"WRIT OF REPLEVIN

"TO THE SHERIFF OF SAN JUAN COUNTY, NEW MEXICO, GREETINGS:

"You are commanded that, without delay, you cause to be replevined unto THE CITIZENS BANK, FARMINGTON, NEW MEXICO, the goods and the chattels following, to-wit:

One 1959 Chevrolet ½ Ton Pickup Truck, Serial No. 313595131279 License 16-4013—1963 Tab

Which Defendants wrongully [sic] detains from the said The Citizens Bank and that you summon the said defendants to appear before the District Court of the First Judicial District of New Mexico sittin [sic] in San Juan County, New Mexico, within thirty days from the date of service hereof to answer unto the said The Citizens Bank for the unlawful detention of the goods and chattels aforesaid.

"Given under my hand and the seal of the District Court this 23 day of September 1964

(SEAL)                           s/  Virginia A. Kittell

                                   Clerk of the District Court"

"STATE OF NEW MEXICO    COUNTY OF SAN JUAN

IN THE DISTRICT COURT

The Citizens Bank, Farmington, New Mexico
                                    Plaintiffs
            Vs.                                         No. 12631
Alfred Elliott and Robinson Brothers
Wrecking, a Partnership
                                    Defendants.

"Sheriff's Return of Service

"I, Roy Marcum a duly qualified and acting Sheriff in and for the County and State aforesaid, hereby certify that I received a Writ Of Replevin and Complaint in the above entitled matter on the 23rd day of September, 1964, and that I served the same on the 24th day of September, 1964, by delivering to

Elmer Robinson in person at Robinson Brother's Wrecking in Aztec, New Mexico Attachment was made on one 1959 Chevrolet ½ Ton Pickup Truck, Serial No. 313595131279 License 16–4013—Vehicle given to Calvin Coy of Citizens Bank.

in person, within the County and State aforesaid, a true copy of the said Writ Of Replevin to which was attached a true and correct copy of the complaint on file in the within entitled action.

"Dated this 25th day of September, 1964.

"Service Fee:     $3.00
  Mileage          .50
  Total           $3.50
        Attorney:                            Roy Marcum    SHERIFF
  Palmer and Frost
  200 North Allen                    By  s/  Bruce P.  Brimhall
  Farmington, New Mexico                        Deputy
  File:  A–1–16–Robinson                 Bruce P. Brimhall"

---

An examination of the writ of replevin and the sheriff's return discloses that the appellant was fully apprised of every pertinent fact that would have been made known to it had the statutory form of summons been employed. The form of the instrument served on the appellant would have been different, but the substance would have been the same.

Section .21–1–1  (1), . N.M.S.A.,  1953 Comp., is as follows:

"These rules govern the procedure in the district courts of New Mexico in all

suits of a civil nature whether cognizable as cases at law or in equity, except in special statutory and summary proceedings where existing rules are inconsistent herewith."

The action of replevin is a statutory proceeding designed to take the place of the common law actions of replevin and detinue, Troy Laundry Machinery Co. v. Carbon City Laundry Co., 27 N.M. 117, 196 P. 745.

In Johnson v. Terry, 48 N.M. 253, 149 P.2d 795, the proposition urged by the appellant was answered in reverse. There the plaintiff sued in replevin and caused a summons to be issued rather than a writ of replevin. In that case we stated:

"* * * The jurisdiction of the court, to hear and determine actions in replevin instituted pursuant to this statute, is dependent upon the issuance and service of the writ which brings under the control of the court the property for the purpose of rendering a judgment in accordance with the object and purpose of the statute, viz.: To determine the right to the immediate possession of the property, and damages for its unlawful caption or detention. * * *"

We conclude that the writ of replevin in an action of replevin accomplishes the same function in process, as does a summons in an ordinary civil action.

The action of the trial court in denying the defendant's motion to set aside the judgment is affirmed, and IT IS SO ORDERED.

MOISE and COMPTON, JJ., concur.