## LLOYD DOUGLAS WILLIAMS *v.* STATE OF MARYLAND

[No. 214, September Term, 1967.]

---

**2.** See, however, *Crews v. Director,* 245 Md. 174, and *Avey v. State,* 249 Md. 385.

*Decided April 29, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Andrew J. Graham* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *William R. Lenhard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Convicted of murder in the second degree by the court sitting without a jury and sentenced to thirty years imprisonment, appellant contends on this appeal from that judgment that the evidence introduced at the trial of his drunkenness at the time the crime was committed was such that, as a matter of law, he could not have been convicted either of murder or manslaughter.

The evidence showed that at approximately 1:45 a.m. on August 22, 1966 appellant plunged a knife into his common law wife during an argument, after which he pushed her down the steps and ran from the house. There was evidence that appellant and his wife had been drinking heavily on the day and evening of the killing and that appellant had no recollection of having killed his wife.

The thrust of appellant's argument is that he was so intoxicated that he was deprived of his mental faculties to such a degree that he could not have formed the intent required to convict him of murder or manslaughter. The trial judge, at the conclusion of the evidence, stated that he would have found

appellant guilty of murder in the first degree except for the fact that appellant's intoxication rendered his action other than deliberate and premeditated.

In *Chisley v. State,* 202 Md. 87, the Court of Appeals held that while voluntary intoxication may be considered by the trier of fact as it bears on the questions of wilfulness, deliberation and premeditation necessary to constitute first degree murder, "voluntary intoxication will not reduce murder to manslaughter nor will it excuse the crime." On the record before us, we think *Chisley* stands as authority supporting the lower court's conviction of appellant for second degree murder. See *Beall v. State,* 203 Md. 380; *Mock v. State,* 2 Md. App. 771; *Michael v. State,* 1 Md. App. 243.

*Judgment affirmed.*