DANIEL ALLEN FRANK a/k/a CHIPPY BEAN
*v.* STATE OF MARYLAND

[No. 198, September Term, 1968.]

*Decided March 17, 1969.*

*Robert C. Heeney* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Andrew L. Sonner, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Daniel Allen Frank, the appellant, complains of a conviction for rape in the Circuit Court for Montgomery County, Judge Irving A. Levine presiding with a jury. He was sentenced to a term of 15 years. He was acquitted of charges of assault with intent to murder and assault with intent to rape.

In view of the contentions hereinafter set forth it will be unnecessary to recite the facts except to state that there was ample evidence to show that Frank engaged in sexual intercourse against the will of the female involved and that there was some evidence that he was highly intoxicated at the time the act occurred. The trial judge instructed the jury in part as follows:

> "You are instructed that where a particular motive, intent or purpose is an essential element of a crime, drunkenness may be considered in determining whether or not the accused lacked the mental capacity to form the requisite motive, intent or purpose and if a sufficient mental incapacity is found to exist, drunkenness may constitute a defense to the particular offense charged.
>
> "In such event, the Defendant must show that he was so intoxicated that he was robbed of his mental faculties and he will be considered criminally responsible so long as he retains control of his mental faculties, sufficiently to appreciate what he is doing.
>
> "This particular instruction has reference to the charges of assault with intent to commit murder, and assault with intent to commit rape because, as you will notice, by their very statement, they each would require—either one would require proof of a specific intent.

"This instruction which the Court gives you refers specifically to those charges which do require proof of such an intent."

Frank duly excepted to the charge alleging that it was error for the trial judge not to include the crime of rape in the above quoted portion of the charge. He contends that rape requires a specific intent; and therefore drunkenness could, under the proper circumstances constitute a defense to rape as well as to assault with intent to rape and assault with intent to murder. Thus the issue is: Does the crime of rape require proof of a specific intent to support a conviction? We hold that it does not.

It is universally recognized that voluntary drunkenness is generally not a defense to crime, see *Michael v. State,* 1 Md. App. 243, 247, 229 A. 2d 145 wherein we collected the various authorities. Although the older law made no exceptions it is now equally well settled that where a crime requires a specific intent, motive, or purpose, voluntary drunkenness may be considered in determining whether or not the accused lacked the mental capacity to commit the crime, see *Avey v. State,* 249 Md. 385, 240 A. 2d 107; *Mock v. State,* 2 Md. App. 771, 237 A. 2d 811; *Dubs v. State,* 2 Md. App. 524, 235 A. 2d 764; *Michael v. State, supra.*[1]

This problem has been considered in several recent cases:

In *Askew v. State,* 118 So. 2d 219, 222 (Fla. 1960) the Supreme Court of Florida disposed of a similar contention stating:

"The law makes the act of rape the crime and infers a criminal intent from the act itself.

"Since the requisite intent is presumed or inferred from the act itself voluntary intoxication is only a defense to the crime of rape when its use produces a mental condition of insanity."

---

1. Blackstone (Gavit Ed.) page 761 says:
   "The law of England, considering how easy it is to counterfeit this excuse, [drunkenness] and how weak an excuse it is, will not suffer it to palliate a crime."

In *State v. Tompkins,* 277 S.W.2d 587, 591 (Mo. 1955) the Supreme Court of Missouri stated as follows:

> "This was a forcible rape case, and if the evidence showed that there was carnal knowledge, force and the commission of the act, no intent is requisite other than that evidenced by the doing of the acts constituting the offense."

In *State v. Scarborough,* 55 N. M. 201, 230 P. 2d 235 (1951) the Supreme Court of New Mexico arrived at the same conclusion.

In *Walden v. State,* 156 S.W.2d 385, 387 (Tenn. 1941) the Supreme Court of Tennessee reiterated the rule set forth above:

> "In the crime of rape no intent is requisite other than that evidenced by the doing of the acts constituting the offense."

See also *Abbott v. Commonwealth,* 28 S.W.2d 486 (Ky.); *Steele v. State,* 225 S.W.2d 260 (Tenn.).

In *State v. Hairston,* 222 N. C. 455, 23 S.E.2d 885, 889 (1943) the Supreme Court of North Carolina stated in *dicta*:

> "The commission of the crime of rape, unlike murder in the first degree, does not require deliberation and premeditation as a prerequisite to conviction, but the intent is inferred from the commission of the act, just as malice is presumed when a person kills another with a deadly weapon."

We have been unable to find any case in which a court has specifically ruled that voluntary drunkenness can constitute a defense to the crime of rape, although there are some cases which so indicate in *dicta*. See *People v. Cheary,* 309 P. 2d 431 (Cal. 1957); *State v. Gailey,* 204 P. 2d 254 (Idaho 1949); *State v. Evenson,* 24 N.W.2d 762 (Iowa 1946); *Thomas v. State,* 95 P. 2d 658 (Okla. 1939).

In *Thompson v. State,* 230 Md. 113, 186 A. 2d 461 the Court of Appeals of Maryland found that there was sufficient evidence to prove an intent to rape whether the intent required be specific or general. While the language used by the Court might

tend to support the appellant's contention the court did not discuss, or have before it, the particular problem we have before us in this case. Our interpretation of this case is bolstered by the fact that Maryland follows the general rule that intoxication cannot be a defense to some crimes, *e.g.* murder in the second degree. *Chisley v. State,* 202 Md. 87, 95 A. 2d 577, *Mock v. State,* 2 Md. App. 771, 237 A. 2d 811.

The rule has been criticized, 8 ALR 3d 1246 n. 19:

> "19. The distinction between the general criminal intent which is a necessary element of most crimes and such 'specific' intent may be a difficult one to draw. See the discussion by Professor Hall, General Principles of Criminal Law 2d ed p 142, speaking of the 'dubious effort' to make such a distinction and pointing out that all intent, from its nature, must be specific, and that even as to specific intent crimes, the necessary intent is ordinarily a deduction from the doing of the acts."

A better justification for the theory might be: 8 ALR 3d at 1263 n. 1:

> "1. Some of these cases are undoubtedly examples of judicial skepticism as to the accused's claims. The position might also be justified on the theory that since accused was not so drunk as to lose the physical capacity for the acts charged, he must necessarily have retained sufficient mental capacity to intend them at the time, and that his claim of unconsciousness refers only to the amnesic reaction which is not uncommon after heavy drinking."

Probably because of the lack of earlier cases on the subject, text writers tend to ignore the problem of drunkenness insofar as it relates to the crime of rape. See: Clark and Marshall, *Law of Crimes,* § 609, 1 Wharton *Criminal Law and Procedure* § 44 (12th Edition) and Perkins, *Criminal Law,* Ch. 8 § 3 at 790.

It is noteworthy that none of the common law definitions of rape contain any requirement as to intent, rape being generally

defined as unlawful carnal knowledge of a woman without her consent *c.f.* burglary—the breaking and entering of a dwelling in the nighttime *with intent* to commit a felony therein, larceny, etc.

Since there was no plea of insanity in the case there is a presumption that the accused was sane, *Strawderman v. State,* 4 Md. App. 689, 244 A. 2d 888; thus we do not reach the question as to whether there was insanity caused by drink, either permanent or temporary, see 8 ALR 3d 1265-67. The issue of drunkenness is considered only insofar as it relates to intent.

*Judgment affirmed.*