571 P.2d 413

STATE of New Mexico,
Plaintiff-Appellee,

v.

Joe Lee KEYONNIE,
Defendant-Appellant.

No. 11299.

Supreme Court of New Mexico.

Nov. 23, 1977.

Patricia Barth, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

This case involves the rape of an elderly woman by an Indian defendant who was allegedly intoxicated at the time of the incident. The defendant was indicted on one count of criminal sexual penetration in the first degree. The jury verdict was guilty; the defendant appeals.

The first point of error alleged was that the trial court denied a motion to suppress the defendant's first confession. A hearing was held on this motion and the trial court granted a motion to suppress two subsequent confessions but permitted the first confession to be admitted. In a suppression hearing it is for the trier of fact to determine the weight and sufficiency of the evidence, including all reasonable inferences. *State v. Bloom*, 90 N.M. 192, 561 P.2d 465 (1977). There is sufficient evidence to support the ruling of the trial court.

The second point of error was that a tape recording of the first confession was not produced for the use of the defendant. The tape had been erased by the investigating officers before either the district attorney or the defense counsel knew of its existence. The police officer testified that the tape recording was defective and that nothing could be heard on the tape. It appears to us that the non-production of the tape was not an error because this was not a deliberate attempt to withhold information. Although the police officer may have been negligent in handling the recording, this does not invalidate the confession itself, nor did it prejudice the defendant since the prosecution had no access to the tape either.

The defense alleged that Keyonnie was incapable of formulating specific intent because of his intoxication. Specific intent was not an essential element of rape under the former statute, § 40A-9-2, N.M.S.A. 1953 (Repl.1972). *State v. Ramirez*, 84 N.M. 166, 500 P.2d 451 (Ct.App.1972). The current statute, § 40A-9-21, N.M.S.A.1953 (Supp.1975), defines criminal sexual penetration as "the unlawful and *intentional* causing of a person . . . to engage in sexual intercourse . . ." The defendant contends that this difference in wording has changed the offense to one in which specific intent need be shown. We disagree.

■ The essential elements of the common law crime of rape, from which the statutory offense of criminal sexual penetration was derived, were "(a) carnal knowledge or intercourse, (b) force, and (c) commission of the act without the consent or against the will of the victim." *State v. Bell*, 90 N.M. 134, 140, 560 P.2d 925, 931 (1977). None of the common law definitions of rape contained any requirement as to intent because the law inferred a criminal intent from the act itself. *Frank v. State*, 6 Md.App. 332, 251 A.2d 249 (Ct.Spec. App.1969) (citing cases from numerous jurisdictions). See also Annot. 8 A.L.R.3d 1236 (1966) and cases cited therein. We do not think the present wording of the statute was meant to impose the additional requirement of specific intent. The intent which must be present to perform the act satisfies the "intentional causing" provision in the present statute. Therefore, there was no error in the jury's verdict.

■ Defendant challenges the indictment as being insufficient to notify him of the crime with which he was charged since "great bodily harm" was not specified. The indictment charged defendant with first-degree criminal sexual penetration and set forth the statutory section. The indictment also stated that the crime resulted in the death of the victim. The words "great bodily harm" were not used. "Great bodily harm" or "great mental anguish" is an essential element of first-degree criminal sexual penetration under § 40A–9–21A–(2), N.M.S.A.1953 (Supp.1975). "Great bodily harm" is defined in § 40A–1–13(A), N.M.S.A.1953 (Repl.1972) to mean "an injury to the person which creates a high probability of death." It is apparent to us as a matter of common sense that death clearly and exclusively falls within the definition of "great bodily harm" and could not be confused with, or encompassed within, the definition of any other term in a lesser degree of criminal sexual penetration. There is no merit in defendant's contention that he was not properly informed of the charge. The wording of the indictment was not so false or misleading as to prejudice the defendant.

■ The defendant also claimed error on the grounds that the percentage of jurors which were included in the general jury and petit jury was not equivalent to the percentage of Indians in the community. However, there was no allegation that there was any purposeful and systematic discrimination. Unless the defendant can show a purposeful and systematic exclusion of Indians from the jury selection process, he has not shown valid grounds to quash the jury. *State v. Jackson*, 88 N.M. 98, 537 P.2d 706 (Ct.App.1975).

On the basis of the above points, we affirm the order of the district court.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.