825 P.2d 249

STATE of New Mexico,
Plaintiff–Appellee,

v.

Karl GROSSMAN and Leonard
Grossman, Defendants–
Appellants.

No. 12515.

Court of Appeals of New Mexico.

Dec. 23, 1991.

Tom Udall, Atty. Gen. and Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Theodore C. Baca, Albuquerque, for defendants-appellants.

OPINION

CHAVEZ, Judge.

▮ Defendants appeal their conviction for trafficking of marijuana by cultivation. Three issues have been raised on appeal: 1) whether evidence seized by law enforcement officers pursuant to a civil writ of assistance is the fruit of a warrantless, illegal search; 2) whether the trial court erred in finding that defendant Karl Grossman consented to a search of his property; and 3) whether defendants reserved their right to appeal the denial of their motion to suppress evidence. In their briefs, defendants provide evidence in support of Issue 3, and the state concedes that the right to appeal the motion to suppress evidence was preserved for purposes of appeal. Therefore, we do not address Issue 3. Issues listed in defendants' docketing statement, but not briefed, are deemed abandoned. *See State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.), *cert. denied*, 102 N.M. 734, 700 P.2d 197 (1985). For the reasons stated below and under the particular circumstances involved in this case, we affirm the decision of the district court.

FACTS

Judgment was awarded against Leonard Grossman (hereinafter referred to as Leonard) in a civil case. A writ of assistance (writ) was issued and executed on December 1, 1988, in connection with property at 2627 (2627) and 2623 (2623) Sixth Street in Albuquerque. Leonard's brother and business partner, Karl Grossman (Karl), occu-pied the property at 2629 (2629) Sixth Street. The writ stated that a special master had located property at 2623 and 2627 belonging to Leonard that included six motor vehicles, two trailers, and a mobile home as shown in Exhibit A. Exhibit A was not attached to the writ that was used to seize the property when that writ was introduced into evidence below.

On December 1, after finding no one present at 2627 or 2623, the special master and the accompanying law enforcement officers proceeded to Karl's home at 2629. The officers provided Karl with a copy of the writ after which they explained that they were attempting to locate assets belonging to Leonard. The officers told Karl that they had seen property on his lot and asked his permission to look more closely at the property to determine ownership of that property. Karl invited the officers onto his property but stated that nothing on his property belonged to Leonard. According to the evidence, Karl was very cooperative and amicable during the search. As a result of the search, the officers discovered marijuana on a table inside a travel trailer and marijuana plants in a shed located on Karl's property.

Following the discovery on Karl's property, the officers and the special master proceeded to Leonard's property. Access was gained after a locksmith was employed. While comparing vehicle identification numbers from a list of assets owned by Leonard with the numbers on the vehicles located on Leonard's property, the officers discovered marijuana in a vehicle. A further search revealed marijuana located in a shed on the property.

In response to a motion to suppress the evidence, the trial court found that entry on the lot at 2629 was by invitation of Karl and the discovery of marijuana was inadvertently made while legitimately searching for assets belonging to Leonard. The trial court found entry on the lot at 2627 to be pursuant to a valid writ and the discovery of marijuana on that property to be inadvertent. Defendants' motion to suppress evidence was denied.

WRIT OF ASSISTANCE

■ On appeal, defendants claim that the writ was invalid, making the search illegal. Because we find the writ valid, we need not decide whether an invalid writ will make the search illegal. Defendants' claim involves several subparts: (a) failure to provide notice; (b) failure to provide security; (c) failure of proper service of the writ on Leonard; (d) failure to direct defendants to file a response; (e) failure to set a hearing; and (f) failure to contain a concise statement of the relief sought, thereby making the writ the functional equivalent of a prohibited general search warrant. *See* SCRA 1986, 1–065. Our standard of review of a trial court's denial of a motion to suppress is whether the law was correctly applied to the facts, viewing them in the manner most favorable to the prevailing party. *See State v. Boeglin,* 100 N.M. 127, 666 P.2d 1274 (Ct.App.1983). On appeal, we will not disturb the trial court's decision if it is supported by substantial evidence. *Id.* We separately address each subpart of this issue below.

■ (a) Under Rule 1–065(G)(1) and (2), notice can be waived for good cause. In the motion and application for the writ, plaintiff in the civil case alleged that he had encountered difficulty in locating assets belonging to Leonard where those assets had been previously traced and concealed before they could be seized. Plaintiff feared that the items would be moved again if Leonard was given notice of the writ. The judge included these reasons in the body of the writ and ordered the sheriff to use force if necessary in executing the writ. Under these circumstances, good cause was shown for not providing Leonard with prior notice of the writ.

■ (b) Although defendants outlined the specific areas with respect to their allegations of non-compliance with Rule 1–065 in their written motion to suppress the evidence, there was no mention of failure to include security during the motion to suppress hearing. Accordingly, we question whether this issue was properly preserved. *See State v. Lopez,* 84 N.M. 805, 508 P.2d 1292 (1973). Moreover, defen-

dants do not allege any damages from the failure to include security. Therefore, they cannot claim prejudice as a result of this omission. *See State v. Wright,* 84 N.M. 3, 498 P.2d 695 (Ct.App.1972) (for error to be reversible, it must be prejudicial).

(c) The contention that Leonard was not served with the writ is not borne out by the record. According to his own testimony at trial, Leonard was served with copies of the writ. Therefore, we do not address this contention.

■ (d) and (e) With respect to complaints that the writ failed to require a response or to set a hearing, the writ substantially put defendants on notice about the nature of the property to be seized and the reasons for the seizure. The writ stated that, after execution, the sheriff and the special master would make reports to the court to be presented by plaintiff at an "early hearing date" at which the defendant would be allowed to respond. Rule 1–065(E) states that the writ is to serve in lieu of summons. The functions of a summons are to show that a defendant is within the power of the court and to give notice of the proceeding against him. *See Clark v. LeBlanc,* 92 N.M. 672, 593 P.2d 1075 (1979). The omissions from the writ in this case did not prevent these functions from being served.

■ Although the language of the rule appears mandatory with respect to the form of the writ, the substance of the writ substantially complied with the intent of the supreme court in ensuring that defendants are put on notice. *Cf. Security Trust v. Smith,* 93 N.M. 35, 596 P.2d 248 (1979) ("shall" is mandatory unless inconsistent with intent of the legislature); *Citizen's Bank, Farmington v. Robinson Bros. Wrecking,* 76 N.M. 408, 415 P.2d 538 (1966) (substance, not form, is controlling where a writ was served instead of a summons). Similarly, we note that the power to enter and search property has been upheld in New Mexico where omissions or erroneous descriptions have been included in search warrants. *See, e.g., State v. Perea,* 95 N.M. 777, 626 P.2d 851 (Ct.App.1981)

(search warrant sufficient where residential address different than mailing address); *State v. Aragon*, 89 N.M. 91, 547 P.2d 574 (Ct.App.1976) (search warrant sufficient where description of property erroneous). Based on the above, we hold that the particular omissions from the writ issued in this case did not serve to invalidate the writ. We hold that, in this respect, a writ is like a summons or a search warrant, and that substantial compliance with the function it is designed to serve is sufficient.

(f) Defendants contend that the writ was deficient in that it did not contain a statement of the relief sought, contrary to Rule 1–065(E). As a corollary to this argument, defendants contend that the writ was tantamount to a general search warrant. The factual basis for defendants' argument is that the writ authorized the special master to seize the property described on Exhibit A. Neither the motion for the writ nor the writ introduced into evidence at the motion to suppress hearing had Exhibit A attached to it. Thus, defendants' argument is premised on the allegation that Exhibit A was never attached.

■ The issue of whether Exhibit A was attached to the motion or the writ was never litigated at the motion to suppress hearing. There was no testimony about whether Exhibit A was attached or not. The first time defendants relied on the alleged fact that Exhibit A was not attached was in their brief filed in the district court after the hearing. We believe that raising a factual issue at this time, when the state does not have the opportunity to rebut it, is insufficient to require the district court to find that Exhibit A was not attached. *Cf. State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982) (raising factual issues in motion for rehearing is too late); *State v. Young*, 91 N.M. 647, 579 P.2d 179 (Ct.App.) (defendant cannot raise insanity defense after it is too late for state to rebut it), *cert. denied*, 439 U.S. 957, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978). In the absence of any requirement that the district court find that Exhibit A was not attached, we can presume that Exhibit A was attached. Under these circumstances, defendants' issue

lacks a factual basis, and when an issue lacks a factual basis we do not address it. *See State v. Jacobs*, 102 N.M. 801, 805, 701 P.2d 400, 404 (Ct.App.1985).

Viewing, in a manner most favorable to the state, the trial court's position that the search of Leonard's property was pursuant to a valid writ, we hold that the writ was in substantial compliance with the requirements of the rule and the denial of the motion to suppress evidence was proper. *See State v. Boeglin.*

VOLUNTARINESS OF CONSENT TO SEARCH

■ Defendant Karl, through his attorney, claims that he was coerced by threat of a court order into giving consent to the officers to enter and search his property. Whether consent is voluntary is a question of fact to be determined from the totality of the circumstances and by a three-part test. *See State v. Valencia Olaya*, 105 N.M. 690, 736 P.2d 495 (Ct.App.1987). Viewed with a presumption against waiver of constitutional rights, the testimony must show that the consent was unequivocal and specific and given without coercion. *Id.* "In a suppression hearing it is for the trier of fact to determine the weight and sufficiency of the evidence, including all reasonable inferences." *See State v. Keyonnie*, 91 N.M. 146, 571 P.2d 413 (1977). A valid consent may obviate the need for the ordinarily required warrant and probable cause. *State v. Bedolla*, 111 N.M. 448, 806 P.2d 588 (Ct.App.1991).

■ Karl was given a copy of the writ prior to inviting the officers onto his property. Therefore, we fail to see how the fact that the officers showed Karl the writ can be considered coercive. The officers explained the reasons for wanting to look around Karl's property. Officer Peterson testified that Karl then invited the officers onto his property, acting in an amicable manner. Herbert Grossman contradicted the officer's testimony on this point. Karl did not testify that he was coerced or that the search was not consensual. The evidence showed that Karl's consent was unequivocal and specific and given without coercion. *See State v. Valencia Olaya;*

*State v. Boeglin.* Under these facts, we hold that there is sufficient evidence to uphold the trial court's finding of consent. Accordingly, we hold that Karl's consent was voluntary, making the search of his property valid. *See State v. Valencia Olaya.*

■ As discussed above, the officers' entry onto Leonard's property was pursuant to a valid writ and the entry onto Karl's property was pursuant to valid consent given by Karl. Once they were on the properties, the evidence shows that the officers' discovery of the marijuana was inadvertent. *See State v. Crenshaw,* 105 N.M. 329, 732 P.2d 431 (Ct.App.1986). Therefore, the seizure of the marijuana was proper. *Id.* Based on the foregoing, we affirm the decision of the district court.

IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.