This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO.  33,082**

**RANDY KELSEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Socorro, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Randy Kelsey (Defendant) appeals his convictions for driving while under the influence of intoxicating liquor, contrary to NMSA 1978, Section 66-8-102 (2010), and careless driving. We issued a notice of proposed summary disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

{2}    In his memorandum in opposition, Defendant first argues that police lacked probable cause to arrest him. [MIO 20-22] "In determining whether an officer had probable cause for an arrest, we look at the facts and circumstances within the officer's knowledge and determine whether they would cause a reasonable, cautious officer to believe that a criminal offense was being committed." *State v. Maez*, 2009-NMCA-108, ¶ 24, 147 N.M. 91, 217 P.3d 104. Officer Frazier arrested Defendant for DWI based on impairment to the slightest degree. We therefore inquire whether it was objectively reasonable for the officer to believe that Defendant had been driving while he was to the slightest degree "unable to exercise the clear judgment and steady hand necessary to handle a vehicle in a safe manner." *State v. Sanchez*, 2001-NMCA-109, ¶ 7, 131 N.M. 355, 36 P.3d 446; *see also* UJI 14-4501 NMRA (defining driving while under the influence of intoxicating liquor).

2

{3}    The record indicates that, at the time Officer Frazier arrested Defendant for DWI, officers had observed Defendant driving erratically into a parking lot of an IHOP restaurant before hitting the curb and parking. [RP 68; MIO 2-3] Defendant then stumbled and almost fell face first out of his vehicle. [RP 68] Defendant had bloodshot and watery eyes and had an odor of alcoholic beverage emitting from his facial area. [RP 69] Defendant admitted to drinking between five and six beers. [RP 70; MIO 5] Defendant was belligerent toward the officers, and he performed poorly on the field sobriety tests (FSTs) that were administered to him. [RP 68-71; MIO 2-3] We believe that this evidence was sufficient to establish probable cause to arrest Defendant for DWI. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that the smell of alcohol emanating from the defendant, his lack of balance at the vehicle, and the manner of his performance of the FSTs constituted probable cause to arrest him for DWI); *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest the defendant for DWI when he hit another car from behind, admitted to having drunk two beers, swayed when he was talking to the officer, and failed the FSTs).

{4}    Defendant responds that the evidence of his poor performance on the FSTs should be disregarded because he was tasered repeatedly by officers prior to performing the tests. [MIO 20-21] Defendant also points to evidence that he suffers from plantar fasciitis and other medical problems. [MIO 5, 20] We recognize that

3

there was conflicting evidence regarding whether the officers tasered Defendant or not. [MIO 21] However, any conflicts in the evidence were for the trier of fact to resolve. *See State v. Keyonnie*, 1977-NMSC-097, ¶ 2, 91 N.M. 146, 571 P.2d 413 (stating that, in a suppression hearing, the trier of fact determines the weight and sufficiency of the evidence). We therefore reject Defendant's argument that the trial court was required to disregard evidence of his performance on the FSTs.

{5}     Defendant next argues that the trial court erred in not granting a directed verdict because there was no evidence establishing the nexus between the time of driving and the determination of impairment. [MIO 22] However, as we stated in our notice, Defendant's directed verdict claim was waived because he failed to renew his motion for a directed verdict after he presented evidence. *See State v. Baldwin*, 2001-NMCA-063, ¶ 30, 130 N.M. 705, 30 P.3d 394 (stating that it is well settled that a defendant who presents evidence waives his claim that the evidence at the close of the state's case was insufficient for submission to the jury).

{6}     Additionally, the evidence in this case was sufficient to support Defendant's conviction under both per se DWI and the impaired to the slightest degree standard. There was evidence that Defendant had a breath test result of 0.08 and that the result was obtained within three hours of his driving. [RP 12] Additionally, the evidence that Defendant drove erratically, was belligerent towards the officers, fell almost face first out of his vehicle, admitted to drinking five or six beers, had an odor of alcoholic

4

beverage on his facial area, and had bloodshot, watery eyes and slurred speech is sufficient to support his conviction for impaired to the slightest degree DWI. *See State v. Soto*, 2007-NMCA-077, ¶¶ 32-34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence of DWI under the impaired-to-the-slightest-degree standard where the defendant had red, bloodshot, and watery eyes, as well as slurred speech and a very strong odor of alcohol on his breath, the defendant admitted drinking, and the officers observed empty beer cans where the defendant had been, and they testified that the defendant was intoxicated).

**{7}** Finally, Defendant argues that he received ineffective assistance of counsel. [MIO 26-28] Specifically, Defendant argues that he received ineffective assistance because his attorney failed to investigate his claim that he was tasered by the officers did a poor job in cross-examining the State's witnesses about the use of the taser, and failed to make a motion to dismiss for lack of probable cause until reminded to do so by the court. [MIO 24-27] There is a two-fold test for proving ineffective assistance of counsel. The defendant must show that (1) counsel's performance fell below that of a reasonably competent attorney, and (2) the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.*

**{8}** We agree with the analysis set out in the district court's memorandum opinion and hold that Defendant has not established that he was prejudiced by his counsel's

5

performance. [RP 124-127] *See Duncan v. Kerby*, 1993-NMSC-011, ¶¶ 10-12, 115 N.M. 344, 851 P.2d 466 (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel). With respect to Defendant's claims that his counsel failed to adequately represent him regarding the alleged use of the taser and how this affected his performance on the FSTs, we note that the magistrate court specifically found that Defendant was guilty under both the impaired-to-the-slightest-degree standard and per se DWI. [RP 30, 126] We therefore hold that, even assuming counsel's performance was deficient with respect to the taser issue, Defendant suffered no prejudice as the taser was not relevant to his conviction under the per se alternative. We also hold that Defendant suffered no prejudice as a result of his attorney being reminded by the trial court to make a motion to suppress based on the lack of probable cause because a motion to suppress was made and considered by the trial court. *See State v. Jacobs*, 2000-NMSC-026, ¶ 51, 129 N.M. 448, 10 P.3d 127 (stating that failure to prove either prong of the test defeats a claim of ineffective assistance of counsel).

{9}     For these reasons, we affirm Defendant's conviction.

{10}    **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

6

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**