James Allen **WHITTAKER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15559.

United States Court of Appeals
District of Columbia Circuit.

Argued June 27, 1960.

Decided July 14, 1960.

Mr. Jerome M. Alper, Washington, D. C. (appointed by this court), for appellant.

Mr. Arnold T. Aikens, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Defendant [appellant] was charged, in a two-count indictment, of violation of the Miller Act (taking indecent liberties with a child),[1] and carnal knowledge.[2]

1. § 22–3501(a), D.C.Code (1951).

2. § 22–2801, D.C.Code (1951).

The trial judge found the evidence insufficient to support the charge of carnal knowledge and instructed the jury that, on the second count, it could find the defendant guilty only of the crime of assault with intent to commit carnal knowledge. Defendant was found guilty on the Miller Act charge, and, as well, guilty of assault with intent to commit carnal knowledge. He was given concurrent sentences within the penalties prescribed for the two offenses of which he was convicted. He appeals.

■■ At the opening of the trial in the District Court, defendant's counsel announced that the defenses would be, first, that no crime was committed by the defendant, and secondly, that, if the defendant did commit the crime, he was not guilty by reason of insanity. The trial judge called counsel to the bench and stated that defense counsel would have to take one position or the other in view of the fact that the two defenses were inconsistent. This was erroneous for two reasons: (1) There is no logical inconsistency between the two defenses; they come to this, that the defendant did not do the acts charged, and that he would not be responsible for them if he did them. (2) In any event, the Government does not seriously contend, and it cannot, that inconsistent defenses may not be interposed in a criminal case. Cf. Goforth v. United States, 1959, 106 U.S.App.D.C. 111, 269 F.2d 778; Tatum v. United States, 1951, 88 U.S.App.D.C. 386, 190 F.2d 612. The Government urges that the trial court did not in effect rule out either of the defenses. However, we believe that the record indicates that this was the effect of the court's rulings and remarks. In any event, we believe that under Fed.R.Crim.P. 52(b), 18 U.S.C. we may notice this error. Accordingly, the case will be reversed on this ground.

Other matters have been assigned as error, most of which may not arise upon retrial; however, we think that since one of the situations complained of is likely to recur on retrial it is proper to discuss it.

■ As above stated, the indictment charged the defendant with violation of the Miller Act in the first count, and with carnal knowledge, in the second count. At the close of the Government's case, the court granted a partial judgment of not guilty under the second count, stating there was no evidence to support the carnal knowledge charge, but submitted to the jury the lesser included offense of assault with intent to commit carnal knowledge. We think this was correct.

We believe, however, that under authority of Younger v. United States, 105 U.S.App.D.C. 51, 263 F.2d 735, certiorari denied, 1959, 360 U.S. 905, 79 S.Ct. 1289, 3 L.Ed.2d 1257, and Thompson v. United States, 1955, 97 U.S.App.D.C. 116, 228 F.2d 463, the court should also have instructed the jury that it must first consider the included charge of assault with intent to commit carnal knowledge, and should consider the alleged violation of the Miller Act only if it found defendant not guilty of the former crime. The court failed to give such an instruction and the jury returned verdicts of guilty on both the charge of violation of the Miller Act and the charge of assault with intent to commit carnal knowledge.

The Government urges that, in view of the fact that the court imposed concurrent sentences and that the punishment imposed was not in excess of that permissible under either count, we should not remand the case but merely vacate and set aside the sentence under the Miller Act count. We think, however, that the practice set forth in Younger should have been followed and, on retrial, such should be the procedure.

■ So far as the admission in evidence of the hospital record of the medical examination of Patricia Parham is concerned, it is unlikely that this matter will arise in a subsequent trial. The examining physician was not called as a witness, the court being advised that the witness was out of the jurisdiction and unavailable. We think we should add, however, that, if the matter arises under

the same circumstances, we would be compelled to hold the evidence inadmissible.

Reversed and remanded.