James W. **JOHNSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19159.

United States Court of Appeals
District of Columbia Circuit.

Submitted May 12, 1965.

Decided Sept. 1, 1965.

———————◆———————

Appellant filed a brief, pro se, and his case was treated as submitted on the brief.

Mr. Patrick H. Corcoran, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker

1. 22 D.C.CODE § 2801 (1961).

2. 22 D.C.CODE § 2901 (1961).

and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, submitted on the brief for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

On January 16, 1956, a two-count indictment was filed in the District Court charging appellant with rape [1] and robbery.[2] After a plea of not guilty, appellant was tried and found guilty of assault with intent to commit rape and robbery. This appeal is from the District Court's denial without hearing of appellant's motion, filed pursuant to 28 U.S.C. § 2255, to set aside this 1956 conviction.

█ Appellant's first contention is that he was convicted of a crime, assault with intent to rape, for which he was not indicted. Assuming for purposes of this appeal that this contention states sufficient grounds for collateral attack,[3] appellant cannot prevail on this point for assault with intent to rape is a lesser included offense in the charge of rape. United States v. Lovely, E.D.S.C., 77 F. Supp. 619, 621, reversed on other grounds, 4 Cir., 169 F.2d 386 (1948); People v. Kimball, 122 Cal.App.2d 211, 264 P.2d 582 (1953).

█ On appeal, appellant makes certain allegations, not made below, which might form the basis for a successful claim of ineffective assistance of counsel. Since the issue was not presented below, we do not reach the question on this appeal. We do note, however, that our judgment here is without prejudice to appellant's raising the issue in a later motion by proper and sufficient pleadings in the District Court.

Affirmed.

3. Compare Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); and see Crosby v. United States, 119 U.S. App.D.C. 244, 339 F.2d 743 (1964).