Commonwealth *v.* Patrick, Appellant.

Argued November 20, 1964; reargued January 18, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Irving W. Backman,* for appellant.

*Joseph M. Smith,* Assistant District Attorney, with him *Welsh S. White* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 14, 1967:

Appellant was indicted, in May 1960, for the murder of Lula Mae Overton and of Gloria Louise Overton. At his trial a seven-page confession, in which appellant admitted killing the two victims, was introduced into evidence. The jury found the defendant guilty of murder in the first degree on two bills—on one they sentenced him to life imprisonment, and on the other, death. On appeal we remanded the case to the Court of Oyer and Terminer with directions to hold a hearing to determine whether appellant's confession was voluntary and therefore properly admissible. *Commonwealth v. Patrick,* 416 Pa. 437, 206 A. 2d 295.

Judge WATERS, after conducting a *Jackson v. Denno* hearing in accordance with the instructions of this Court, filed his report on August 24, 1965 and found, inter alia, that defendant's confession was voluntary.

On September 27, 1966, this Court affirmed the findings and conclusion of Judge WATERS. Appellant now contends that the confession should have been declared inadmissible because at the time it was given (a) he was intoxicated, (b) he was not warned of his right to remain silent, and (c) he was without the benefit of counsel.

We find all of appellant's contentions to be devoid of merit. Appellant's claim that he was intoxicated at the time of his confession is directly contrary to Judge WATERS' findings, which were amply supported by the evidence. At his trial defendant-appellant gave a complete account of his actions during the day before the murders and he never testified or contended, at his trial or after he had been interrogated by the police, that he had been drinking heavily or that he was intoxicated at the time he was questioned and gave his confession. At the subsequent *Jackson v. Denno* remand hearing before Judge WATERS, appellant testified that

he had consumed one-half pint of gin before he was arrested and that he felt "groggy" or "whoozy" while being interrogated. In rebuttal, the Assistant District Attorney (Williams), Detective Maex and Captain Brown all testified that in their opinion defendant-appellant was sober at the time of the interrogation and confession. Judge WATERS was certainly justified in believing the testimony of the Commonwealth's witnesses and in finding that defendant was not intoxicated when he gave his confession.

Appellant also asserts that his confession should be invalidated because it was given at a time when he was neither warned of his right to remain silent nor of his right to counsel and hence his confession was involuntary. While such factors are considered in determining the question of voluntariness, certainly they are not determinative and dispositive of the question, when the trial was held before the *Miranda v. Arizona* and *Escobedo v. Illinois* decisions. See *Johnson v. New Jersey,* 384 U.S. 719; *Davis v. North Carolina,* 384 U.S. 737.

Furthermore, Judge WATERS adequately considered all these factors in reaching his decision to determine and sustain the voluntariness of the confession. We repeat what we have said in Patrick's first appeal to this Court: ". . . [U]nder the facts and circumstances of this case, we conclude that a statement or confession made during interrogation by the police, *if voluntarily made,* may be constitutionally admissible in evidence even though the accused was neither warned of his right to remain silent nor of his right to counsel." (Emphasis ours.) *Commonwealth v. Patrick,* 416 Pa., supra. See also *Johnson v. New Jersey,* 384 U.S., supra.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN dissents.