**UNITED STATES of America**
v.
**Preston G. THORNTON, Appellant.**
**No. 73–1113.**

United States Court of Appeals,
District of Columbia Circuit.

June 3, 1974.

William A. Kahn, Washington, D. C. (appointed by this court), for appellant. Jon P. Axelrod, Washington, D. C. (appointed by this court), at the time the brief was filed.

Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, and John A. Terry, and Harry R. Benner, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, MacKINNON, Circuit Judge, and CHRISTENSEN,* United States Senior District Judge for the District of Utah.

MacKINNON, Circuit Judge:

Appellant was convicted of first degree burglary (D.C.Code § 22–1801 (a)),[1] rape (D.C.Code § 22–2801), sodomy (D.C.Code § 22–3502) and robbery (D.C.Code § 22–2901). After reviewing the briefs and record we con-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. D.C.Code § 22–1801(a) (1973) provides:
§ 22–1801. Burglary—Penalties.
(a) Whoever shall, either in the nighttime or in the daytime, break and enter, or enter without breaking, any dwelling, or room used as a sleeping apartment in any building, with intent to break and carry away any part thereof, or any fixture or other thing attached to or connected thereto or to commit any criminal offense, shall, if any person is in any part of such dwelling or sleeping apartment at the time of such breaking and entering, or entering without breaking, be guilty of burglary in the first degree. Burglary in the first degree shall be punished by imprisonment for not less than five years nor more than thirty years.

cluded that oral argument was unnecessary. Hereafter we discuss the issues raised and affirm the judgment of conviction.

## I

■■ At the close of the Government's case the court granted a motion for judgment of acquittal with respect to three armed counts and in stating to the jury that it had done so, said:

In other words, those counts are no longer before you for your deliberations. You will be concerned only with the Four Counts of this indictment. (Tr. 178.) [2]

Previously the court had told the jury:

You should not draw any inferences, nor should you be influenced with respect to the innocence or guilt of the defendant by any ruling which I made during the course of the trial. (Tr. 172.)

At the time these instructions were given defense counsel did not object to them and later he indicated he was satisfied with the instructions given by the court (Tr. 193–94). Under such circumstances, and in view of the other instructions given by the court, we see no error.

## II

■ For his second point appellant contends that the court did not properly instruct the jury with respect to the intent required for first degree burglary. However, the court did read the burglary statute to the jury as part of the instructions (Tr. 179) and that contains a statement of the required intent.[3] As to the intent required the court instructed as follows:

[Y]ou must find that the Government has proved beyond a reasonable doubt . . . that at the time the Defendant intended to break and carry away . . . or to commit some criminal offense therein. (Tr. 180.)

Finally, the court gave another instruction on intent:

Some criminal offenses require only a general intent. Where this is so, and it is shown that a person has knowingly committed an act which the law makes a crime, intent may be inferred from the doing of the act.

Other offenses such as robbery, *burglary in the first degree* require more than a mere general intent to engage in certain conduct or to do certain acts.

A person who knowingly does an act which the law forbids intending with bad purpose either to disobey or disregard the law, may be found to act with specific intent. (Tr. 187, emphasis added.)

These instructions correctly stated the law,[4] and while they could have been more expansive on "specific intent," they were not objected to at trial. Under such circumstance plain error is required to justify reversal and we fail to find the instructions to be that deficient.

## III

■■ With respect to the conviction of rape, appellant makes the novel argument that the court erred in not instructing the jury that specific intent was required to be shown for the crime. He bases this contention on a theory that the Government brief correctly analyzes as follows:

First, he [appellant] says, assault with intent to commit rape has been

2. The "redbook" instruction provides:
WHERE CHARGES AGAINST CO-DEFENDANT ARE DISMISSED IN MID-TRIAL
The charges against (name of co-defendant) have been disposed of. They are no longer of concern to you. They should not control nor influence your verdict with reference to the defendant, and you must base your verdict solely on the evidence admitted as to him.
Criminal Jury Instructions, District of Columbia, Instruction 1.12, p. 16 (2d ed. 1972). The variance is not substantial.

3. Note 1 *supra.*

4. *See* United States v. Moore, 140 U.S.App. D.C. 309, 435 F.2d 113 (1970).

held to be a lesser included offense in the crime of rape. Second, a lesser included offense is one which is necessarily established by proof of the greater offense. *Ergo*, he concludes, rape includes the element of specific intent.

Govt. Br. at 12. This argument appears to have some essence of logic and has a superficial appeal but has been rejected elsewhere,[5] and we refuse to accept it. It is not invariably true that a greater offense includes all elements of an offense which under some circumstances may be a lesser included offense,[6] and not all lesser related offenses are necessarily lesser included offenses. Judge Leventhal pointed this out in Fuller v. United States, 132 U.S.App.D.C. 264, 294, 407 F.2d 1199, 1229 (en banc 1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969), when he stated: "[I]n some cases a charge of second degree murder may not properly be demanded on the facts [under a felony-murder indictment]." In United States v. Whitaker we said:

[T]he idea that the simple mechanistic test of all theoretical elements of the included offense being present in the greater offense charged in the indictment . . . has not always been followed in this Circuit.

United States v. Whitaker, *supra*, 144 U.S.App.D.C. at 348 n. 11, 447 F.2d at 318 n. 11.[7]

In *Whitaker* we held that even though unlawful entry may be a lesser included offense in burglary, burglary does not always include the lack of permission element which is a requirement for unlawful entry.[8] A similar situation in a related context occurs in the offense of carnal knowledge where we have held that while the lesser included offenses of indecent liberties and assault with intent to commit carnal knowledge each require a specific intent, the greater offense of carnal knowledge does not.[9] United States v. Heard suggests:

Perhaps this technical difficulty can be reconciled by treating [assault with intent to commit rape] as a lesser included offense of [rape] as a matter of general application, subject to withdrawal from that category in a particular case wherein defendant raises a claim, such as intoxication, that would be a defense to the lesser but not the greater offense.[10]

■ The pattern of intent that runs through these crimes suggests that where the crimes consist principally of acts which in and of themselves are great physical and personal intrusions into the rights of other individuals, a general *mens rea* may be sufficient and may generally be inferred from the proscribed acts themselves, while in those instances where the principal element of the crime is largely subjective, and the personal and physical harm inflicted is correspondingly less, then a specific intent, which is not a requirement of the greater offense, may be required. Actually, as has been stated, "[A]ll attempts require specific intent";[11] so if

5. Askew v. State, 118 So.2d 219, 221–222 (Fla.1960).

6. United States v. Whitaker, 144 U.S.App.D. C. 344, 348–349, 447 F.2d 314, 318–319 (1971) ; Fuller v. United States, 132 U.S. App.D.C. 264, 292–294 & n. 28, 407 F.2d 1199, 1227–1229 & n. 28 (en banc 1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

7. In United States v. Kearney, 162 U.S.App. D.C. ——, 498 F.2d 61 (May 17, 1974), we pointed out that it was erroneous to conclude that all the elements of a lesser offense of unlawful entry (D.C.Code § 22–3120) were necessarily included in the greater offense of first degree burglary (D.C.Code § 22–3102) arising from the same incident.

8. Note 6 *supra*.

9. United States v. Heard, 137 U.S.App.D.C. 60, 62, 420 F.2d 628, 630 (1969), cert. denied, 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed. 2d 431 (1970).

10. *Id.*

11. State v. Michel, 225 La. 1040, 74 So.2d 207, 213 (1954), aff'd, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955) ; *see* Wharton, Criminal Law and Procedure, Rape § 322, at 663.

we were to follow appellant's logic of superimposing the specific intent of an included crime upon the greater offense, a specific intent would be required for practically every crime. This could not be the law. The differing requirements for lesser offenses result principally from the differing nature of the crimes and from their historical and legislative definitions. The requirement of a specific intent for lesser crimes exists because of a desire to protect the individual against conviction on slight evidence. The same protection is unnecessary where substantial overt acts are committed and fully consummated offenses are provable. There is no rule of law that crimes which carry greater punishment require the proof of greater, or even the same, criminal intent as included or related crimes which carry lesser punishment. Each crime has its own elements and peculiarities and as we said in McGuinn v. United States, 89 U.S.App.D.C. 197, 199, 191 F.2d 477, 479 (1951), "Rape is not a crime which requires a specific intent." This is in accord with the great weight of authority which holds the crime of rape requires no intent other than that indicated by the commission of the acts constituting the offense.[12] We accordingly reject this argument by appellant.

## IV

 Appellant next contends that it was unduly coercive for the court to instruct the jury that its verdict must be unanimous without also informing them of their right to disagree. Such charge was not objected to at trial and in any event its language is not coercive or improper.[13] We reject appellant's contention in this respect and likewise see no merit in his contentions that the trial court abused its discretion in having the court reporter read selected portions of the testimony to the jury, and that substantial prejudice resulted from a slight error in the reading. In such matters the trial judge has a wide discretion to evaluate the consequences on the jury.[14]

Finally, we find no error in any of the other minor points raised by appellant, conclude that he had a fair trial and accordingly affirm the judgment.

Affirmed.

12. Henry v. United States, 432 F.2d 114, 119 (9th Cir. 1970), modified on other grounds, 434 F.2d 1283 (9th Cir.) cert. denied, 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625 (1971); Carlton v. United States, 395 F.2d 10, 12 (9th Cir. 1968), cert. denied, 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574 (1969); McGuinn v. United States, 89 U.S.App.D.C. 197, 199, 191 F.2d 477, 479 (1951); Askew v. State, *supra* note 5; People v. Gold, 38 Ill.2d 510, 232 N.E.2d 702, 706 (1967); State v. Pilcher, Iowa, 158 N.W.2d 631, 637 (1968); aff'd after remand, Iowa, 171 N.W. 2d 251 (1969); Coots v. Commonwealth, 418 S.W.2d 752, 754 (Ky.1967); State v. Michel, 225 La. 1040, 74 So.2d 207, 213 (1954), aff'd, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955); Frank v. State, 6 Md.App. 332, 251 A.2d 249, 251 (1969); People v. Phillips, 385 Mich. 30, 187 N.W.2d 211, 214 (1971); State v. Tompkins, Mo., 277 S.W.2d 587, 591 (1955); State v. Ramirez, 84 N.M. 166, 500 P.2d 451, 452 (Ct.App.1972), cert. denied, 84 N.M. 180, 500 P.2d 1303 (1972); State v. Hairston, 222 N.C. 455, 23 S.E.2d 885, 889 (1943); Walden v. State, 178 Tenn. 71, 156

S.W.2d 385, 387 (1941); State v. Smith, 3 Wash.2d 543, 101 P.2d 298, 302 (1940); Rhodes v. State, 462 P.2d 722, 727 (Wyo. 1969). 75 C.J.S. Rape § 9, p. 471 (1952); 44 Am.Jur. Rape § 2, p. 902; Wharton, Criminal Law and Procedure, Rape § 300 (1974 Cum.Supp.); *cf. id.* §§ 323–24 n. 10.

13. *See* Maxfield v. United States, 360 F.2d 97, 102 (10th Cir. 1966); Commonwealth v. Patrick, 416 Pa. 437, 206 A.2d 295, 298 (1965), aff'd after remand, 424 Pa. 380, 227 A.2d 849 (1967) ("A trial judge need not charge jurors specifically that they may disagree."); People v. Zabel, 95 Cal.App.2d 486, 487, 213 P.2d 60, 61 (1950).

14. *See* Salzman v. United States, 131 U.S App.D.C. 393, 395–396, 405 F.2d 358, 360–361 (1968); United States v. Price, 447 F. 2d 23, 31 (2d Cir.), cert. denied, 404 U.S. 912, 92 S.Ct. 232, 30 L.Ed.2d 186 (1971); United States v. Chicarelli, 445 F.2d 1111, 1114–1115 (3d Cir. 1971); United States v. Campbell, 138 F.Supp. 344, 345–348 (N.D. Iowa 1956).