**Nelson BRAKE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 83–392.**

District of Columbia Court of Appeals.
Submitted May 10, 1984.
Decided June 19, 1985.

without a record (transcript or otherwise) of the          waiver proceedings.

Steven R. Kiersh, Washington, D.C., was on the briefs, for appellant.

Joseph E. diGenova, U.S. Atty., Washington, D.C., with whom Michael W. Farrell and Beverly Purdue, Asst. U.S. Attys., Washington, D.C., were on the briefs, for appellee.

Before FERREN and BELSON, Associate Judges, and REILLY, Chief Judge, Retired.

FERREN, Associate Judge:

Appellant was tried before a jury on a multi-count indictment including charges of taking indecent liberties with a female under the age of 16 and of assaulting her with intent to commit sodomy in violation of D.C.Code §§ 22–503, –3502 (1981). He was convicted on the latter count. In this court, he challenges not his conviction but the enhanced sentence imposed pursuant to D.C.Code § 22–104(a) (1981) because of a prior conviction for sodomy. Since the trial record of the prior sodomy conviction is not

sufficiently complete, in our record on appeal, for this court to determine whether that conviction may be used for enhancement purposes under the analysis we adopt here, we must remand for further proceedings.

## I.

Before trial, the government had served formal notice of additional penalties under the statute permitting more severe sentences for second offenders. *Id.* At the sentencing hearing, the government informed the trial court that in 1979 appellant had been tried for rape and sodomy of another female and found guilty of sodomy but not rape. The court had imposed a prison sentence but suspended its execution during a five-year period of probation. In the present case, the court, after noting that the assault offense for which appellant had just been convicted occurred while he was still on probation, sentenced him to a prison term of 30 to 90 months,[1] observing: "I see no mitigating circumstances. You are a public menace and you have to be incarcerated for as long as possible to protect the public."

In invoking the enhancement statute as a basis for sentence, the court rejected defense counsel's argument that § 22–104(a) was not applicable. Counsel maintained that the prior offense must constitute or necessarily include the present offense and that the assault crime for which his client was facing sentence was not the same as, or a lesser included offense of, sodomy. More specifically, counsel argued that, in contrast with "assault with intent to commit sodomy," a conviction for "sodomy" does not require proof of specific intent and thus does not necessarily include the assault crime. The court remarked that this was a good point to raise on appeal.

## II.

In developing the same contention here, appellant has drawn our attention to the narrow wording of § 22–104(a). Unlike many state recidivist statutes, which provide for stiffer sentences for persons convicted in the past of any felony, § 22–104(a) operates only if the subsequent conviction stems from commission of virtually the same offense as the earlier one. To the extent relevant, this subsection reads:

> If any person: (1) Is convicted of a criminal offense ... under a law applicable exclusively to the District of Columbia; and (2) was previously convicted of a criminal offense ... which offense, at the time of the conviction referred to in clause (1) ..., is the *same as, constitutes, or necessarily includes,* the offense referred to in [such] clause, such person may be ... sentenced to imprisonment for a term not more than one and one-half times the maximum ... prescribed for that conviction. (Emphasis added.)

Appellant cites *Leftridge v. United States,* 410 A.2d 1388 (D.C.1980) (per curiam), where we construed that subsection as supporting an enhanced sentence for attempted petit larceny on the ground that it was an offense "necessarily included" within petit larceny, a crime for which he previously had been convicted. In a footnote to that opinion, this court accepted the premise that the phrase "constitutes or necessarily includes" in § 22–104(a) essentially means "includes as a lesser included offense," although we recognized that these two terms "may not be congruent for all purposes." 410 A.2d at 1390 n. 4.

## A.

■ We proceed, initially, on the assumption that, in order to be available for § 22–104(a) purposes, assault with intent to commit sodomy must be a lesser included

---

1. The maximum penalty for the crime of which appellant was found guilty in this case is five years' imprisonment, D.C.Code § 22–503 (1981), but the court did have authority to set a prison term which could last for seven and one-half years (*i.e.,* 90 months) under § 22–104(a) if the second conviction was the kind of offense covered by that subsection.

offense of sodomy, D.C.Code § 22–3502 (1981). We first consider the analysis appellant presented to the trial court and now advances on appeal: that a crime (such as assault with intent to commit sodomy) requiring a showing of specific intent cannot be deemed a lesser included offense of a crime (such as sodomy) where evidence of general intent is sufficient to sustain a conviction. We cannot agree.

In cases involving sexual felonies, the courts of this jurisdiction have implicitly, and later explicitly, rejected that proposition. In *Johnson v. United States,* 122 U.S.App.D.C. 1, 350 F.2d 784 (1965) (per curiam), a conviction for assault with intent to rape was affirmed on the ground that such conduct was a lesser included offense of rape, the crime charged in the indictment. Similarly, in a case where the assailant was charged with carnal knowledge, the court sustained a jury instruction that an assault with intent to commit carnal knowledge was a lesser included offense. *United States v. Heard,* 137 U.S.App.D.C. 60, 420 F.2d 628 (1969), *cert. denied,* 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970).

■ Such rulings were not based on an assumption that specific intent is an element of the crimes of rape or carnal knowledge. Rather, as the federal circuit court of appeals later noted, they were premised on a conclusion that, for crimes based primarily on acts which themselves cause great physical harm (such as rape), intent sufficient to show culpability may be inferred from the acts themselves, whereas for related crimes based primarily on subjective intent, where the physical harm is less (such as assault with intent to rape), proof of "specific intent, which is not a requirement of the greater offense, may be required" to show culpability out of a "desire *to protect the individual against conviction on slight evidence." United States v. Thornton,* 162 U.S.App.D.C. 207, 210, 211, 498 F.2d 749, 752, 753 (1974) (affirming rape conviction over objection that trial court erroneously had refused specific in-

tent instruction). In the case of assault as well as the substantive sexual offense, however, intent is an element of the crime, permitting a lesser included offense ruling. These offenses differ as to intent only with respect to the extent of the proof required to afford a defendant the necessary assurance that intent has been proved.

### B.

A different issue on the application of the "lesser included" rubric is raised by the supplemental briefs filed pursuant to our *sua sponte* request. Appellant now argues that because force or violence is not a necessary element of the crime of sodomy, an assault with intent to commit sodomy cannot be deemed a lesser included offense of sodomy.

■ This contention arguably has merit. We have said that the word "assault," when used in the D.C.Code, *e.g.,* §§ 22–501, –502, –503, –504, –508, should be given its common law meaning: an attempt with force or violence to inflict bodily harm. *Jones v. United States,* 401 A.2d 473, 475 (D.C.1979). Plainly, such conduct was not present in the sodomy conviction affirmed in *Stewart v. United States,* 364 A.2d 1205 (D.C.1976), where we rejected the argument that adult participants engaging in public homosexual acts by mutual consent have a constitutional right to privacy. Although the rape count in the indictment in appellant's prior case suggests the possibility that the sodomy for which appellant was convicted in 1979 was accomplished by resort to force, the government did not have to prove this. There is some indication in the record of that case (to the extent we have it available) that the trial court charged the jurors that, even if they found that complainant had consented to the act of sodomy, such consent was not a defense. In any event, the government was certainly entitled to such a jury instruction on the sodomy count. *See* Criminal Jury Instructions for the District of Columbia, No. 4.79 (3d ed. 1978).

■ Accordingly, because an assault with intent to commit sodomy has an element of force or violence not necessarily present in a criminal act of sodomy, and thus does not necessarily "consist *entirely* of some but not all of the elements" of the prior conviction for sodomy, *Pendergrast v. United States*, 332 A.2d 919, 924 (D.C. 1975) (citations omitted) (emphasis added), it is not necessarily a lesser included offense of sodomy.

■ The question then becomes whether assault with intent to commit sodomy can ever be a lesser included offense of sodomy. If that question were to be resolved solely by reference to the statutory elements of the two crimes, the answer would be no. *See Albernaz v. United States*, 450 U.S. 333, 336–39, 101 S.Ct. 1137, 1140–42, 67 L.Ed.2d 275 (1981); *United States v. Bridges*, 230 U.S.App.D.C. 387, 392, 717 F.2d 1444, 1449 (1983), *cert. denied*, — U.S. —, 104 S.Ct. 1310, 79 L.Ed.2d 708 (1984).[2] But if the court were entitled to refer to the facts underlying the sodomy conviction, as we did in another context in *Arnold v. United States*, 467 A.2d 136, 139 (D.C.1983) (per curiam), there would be room—in an assaultive (*i.e.*, nonconsensual) sodomy case [3]—to characterize assault with intent to commit sodomy as a lesser included offense.

We need not resolve this lesser included offense question here, for although such analysis ordinarily is used in applying § 22–104(a), *see Leftridge*, 410 A.2d at 1390 n. 4, we find it possible in this case to apply the language of the statute directly, without definitive resolution of an issue having implications for double jeopardy purposes.

### C.

■ In *Leftridge*, we left open the question whether the phrase "constitutes, or necessarily includes" in § 22–104(a) always means "includes as a lesser included offense." 410 A.2d at 1390 n. 4. We hold that, as to the assault and sodomy crimes at issue here, the phrase "necessarily includes" may be construed by reference to the facts of the previous crime, not merely to the statutory elements of that crime. More specifically, if (and only if) the prior sodomy conviction is based *solely* on a record of force or violence, *i.e.*, if there is no evidence that the sodomy was consensual, *see supra* note 3, then that sodomy conviction may be deemed to include an assault for purposes of applying § 22–104(a) and finding the assault with intent crime "necessarily include[d]" within it.

■ In the particular context of this case, we conclude that the words "constitutes, or necessarily includes" in § 22–104(a) are not "congruent" with "lesser included offense," as understood for double jeopardy purposes, because we confront an unusual, if not unique, situation. Sodomy, like rape, is commonly forcible and violent. It would frustrate the purpose of § 22–

---

**2.** Our dissenting colleague concludes that the crime of assault with intent to commit sodomy with a person under 16 does not require proof of force or violence; thus, as applied to a minor, this assault crime is equivalent to attempted sodomy, a lesser included offense of sodomy (the prior conviction at issue here). That analysis is flawed. As the dissent acknowledges, sodomy of a minor, and presumably any attempt to commit such sodomy, "amounts to an assault." *Post* at 652. The fact that force or violence need not be proved does not mean there has been no assault; rather, the law imputes an assault to any touching that amounts to attempted sodomy of a minor. Accordingly, this case does not differ from an "assault with intent" case involving an adult victim. In both cases, there is an assault. One is deemed (minor), the

other must be proved (adult). In neither case, therefore, is the assault crime necessarily a lesser included offense of sodomy, commonly a non-assault crime.

**3.** If, for example, a defendant was charged with rape and sodomy of the same person during the same incident and did not interpose a consent defense to the rape charge, his conviction for sodomy probably would be deemed assaultive for this purpose. If, on the other hand, he was charged only with sodomy, a court would be hard pressed to deem his conduct assaultive (in light of the court's instruction that consent is not a defense) unless the evidence is conclusive, *e.g.*, an alleged forcible sodomy coupled only with an alibi defense.

104(a) if a prior conviction for forcible or violent sodomy, when consent was not at all indicated, could not be used to enhance the sentence for a later "assault with intent" conviction, simply because consensual sodomy is also a crime and the jury was thus instructed that force or violence need not be proved.

■ Appellant was convicted of sodomy and acquitted of rape of the same person in a previous prosecution. The limited record of that case available to the trial court—and to us—does not show whether appellant proffered a consent defense to the rape charge and thus whether the alleged force or violence was contested. If it was not, the prior conviction for sodomy may be used for § 22–104(a) enhancement purposes in the present case, since assaultive conduct would clearly have been indicated. On the other hand, if the alleged force or violence was contested with some evidence of consent—indeed with " ' "any evidence" ... however weak,' " *Day v. United States*, 390 A.2d 957, 962 (D.C.1978) (citations omitted)—with the result that the jury may have found reasonable doubt about rape but convicted of sodomy because consent was not a defense, then the prior sodomy conviction cannot be used here to enhance appellant's sentence; assaultive conduct would be in doubt.

Accordingly, we must remand the case to the trial court for purposes of retrieving the record of the previous trial and applying the foregoing analysis.

*Remanded.*

REILLY, Chief Judge, Retired, dissenting:

In my opinion, the record in this case shows that the trial court committed no error whatsoever in imposing the challenged sentence. Accordingly, the appeal should be disposed of by affirmance.

In reaching this conclusion, I accept the majority view that the recidivist statute, D.C.Code § 22–104(a) (1981), authorizing stiffer sentences for repeaters, can be invoked only if the most recent conviction was based on the same offense or an offense "necessarily included" in the prior conviction. I also agree that the crime of sodomy, as defined in D.C.Code § 22–3502 (1981), does not require any showing of force or violence on the part of the accused, for we have affirmed convictions for that offense, notwithstanding evidence that the persons participating in such conduct did so by mutual consent. *Stewart v. United States*, 364 A.2d 1205 (D.C.1976). Thus, if the victim of the offense in the case before us had been an adult, I would be inclined to concur in the premise of the majority, *viz.*, that an assault with intent to commit sodomy is not an offense necessarily included in the evidence needed for a consensual sodomy conviction, despite a footnote to the standard jury instructions (*see* Criminal Jury Instructions for the District of Columbia, No. 4.79 (3d ed. 1978)) to the effect that such assault, D.C.Code § 22–503 (1981), is a lesser-included offense of § 22–3502.

Quite a different question is presented, however, when the complainant in a sodomy assault case is a person under the age of 16. The Code provision defining sodomy, § 22–3502, treats the commission of that act with such a minor as a more serious offense—one punishable by a prison sentence for as long as 20 years—than sodomy with an adult. Moreover, the preceding section, forbidding indecent acts with children, provides that the consent of a child to such conduct shall not be a defense, § 22–3501(c) (1981).

In a recent case, *Hall v. United States*, 400 A.2d 1063 (D.C.1979), where an appellant was convicted both of a violation of that section (indecent liberties with a minor child) and assault, we described the latter as a "lesser-included offense of sodomy." *Id.* at 1064.[1] In reviewing a challenge in *Hall* to consecutive sentences on each conviction, after observing that the consent of

---

**1.** The indictment contained a sodomy count. ■

the child to the indecent liberties charge was no defense, we held the assault a lesser-included offense, saying: "It defies the imagination that anyone could commit an indecent act without also committing an assault, especially given that by law the victim cannot consent to the indecent act." *Id.* at 1066. *Accord, semble, Whittaker v. United States*, 108 U.S.App.D.C. 268, 281 F.2d 631 (1960) (where accused was charged with carnal knowledge of a child, a jury instruction that an assault with intent to commit carnal knowledge was a lesser-included offense, was upheld).

If the perpetration of "any lewd or lascivious act," § 22–3501(a), upon the body of a minor child amounts to an assault, irrespective of whether force or violence is used, it necessarily follows that the commission of an act of even graver indecency, *viz.*, sodomy, upon the person of a child under 16, also amounts to an assault. It is true that in the case before us there was some evidence of violence,[2] but it is also clear from the *Hall* rationale, that such testimony was superfluous. In short, the use of threats, force or violence is not an element of the crime of assault to commit sodomy with a person under 16.

If my analysis is correct, the majority decision to remand the case rests on an erroneous premise. Even if the transcript of the earlier trial divulges the interposing of a defense predicated upon the consent of the complainant, the enhanced sentence should be allowed to stand.

Since an assault need not be proved in a case dealing with the attempted sodomy of a child, how can it possibly follow that § 22–503, the statutory provision defining the offense in the instant case, "requires *proof of an additional fact* which the oth-

er [§ 22–3502] does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (emphasis supplied).

---

[2]. According to the prosecution witnesses, appellant, in calling upon a female friend one evening, was admitted to her home by her 10 year old daughter—the mother having gone out. He then took the little girl into a bedroom, placed one hand over her mouth to muffle screams, and attempted sodomy with her. He might well have succeeded in his objective had not the girl's grandmother entered the bedroom and surprised him.

Had he succeeded, he of course could have been convicted of sodomy. It is somewhat ironic to note that in those circumstances, the propriety of the enhanced sentence could not be questioned—both convictions being based on the same offense, irrespective of whether force was employed—as I am sure my colleagues would concede.