David HICKS, Appellant,

v.

UNITED STATES, Appellee.

Nos. 93–CF–1204, 94–CO–560.

District of Columbia Court of Appeals.

Argued March 6, 1995.

Decided May 4, 1995.

*Bennett v. United States*, 375 A.2d 499, 503 (D.C. 1977); moreover, any error in this regard was harmless.

David Carey Woll, appointed by this court, Gaithersburg, MD, for appellant.

Alan M. Boyd, Asst. U.S. Atty., with whom Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Thomas C. Black, Julieanne Himelstein, and Nancy R. Page, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before SCHWELB, FARRELL and RUIZ, Associate Judges.

SCHWELB, Associate Judge:

David Hicks was convicted by a jury of taking indecent liberties with a minor child,[1] enticing a minor child for the purpose of taking indecent liberties,[2] and assault with intent to commit sodomy (AWIS).[3] He was sentenced to concurrent terms of imprisonment, but the execution of his sentence was suspended, and he was placed on probation for five years. On direct appeal from his convictions, No. 93–CF–1204, Hicks contends that the trial judge committed instructional error and that his sentences merge. We affirm.[4]

## I.

### THE EVIDENCE

At trial, the prosecution presented testimony which, if credited by the jury, established that on September 18, 1992, R.Y., a thirteen-year-old boy, had been playing football and basketball at a Boys' and Girls' Club in northwest Washington, D.C. R.Y. testified that after he left the Club, Hicks, who had engaged R.Y. in conversation earlier in the day, grabbed his arm and started pulling him down the street. After he had brought R.Y. to an isolated location, Hicks pulled down R.Y.'s shorts and boxer shorts. He then took R.Y.'s penis in his fingers and moved his head near it, as if to place the boy's penis in

his mouth. R.Y. jumped back, pulled up his shorts, and tried to run away. Hicks, however, restrained R.Y. and maintained control over him.

Hicks asked R.Y. whether he had ever "fucked a grown man before." R.Y. replied that he had not. Hicks then took three condoms out of his pocket and pulled R.Y. into an alley. In the alley, Hicks released his hold on R.Y.'s arm. R.Y. was able to make his escape and ran to a Trailways bus station. There, he reported the assault to a police officer, who set out with R.Y. to locate the individual who had molested the boy.

R.Y. soon spotted Hicks on the street and pointed him out to the officer. Hicks was taken to the police station. Two condoms and some lubricant were recovered from his rear pocket. As a result of R.Y.'s allegations, a grand jury returned an indictment charging Hicks with taking indecent liberties, enticing a minor, and assault with intent to commit sodomy.

At trial, Hicks denied R.Y.'s charges. He claimed that R.Y. had struck him and stolen money from him, and that R.Y. had fabricated the molestation charge to cover up his own misdeeds. The jury evidently credited the prosecution testimony, and Hicks was convicted of all charges.

## II.

### HICKS' CLAIM OF INSTRUCTIONAL ERROR

■ Hicks' attorney requested that the trial judge include in his charge to the jury the standard cautionary "Redbook" Instruction on the testimony of a child witness in effect at the time of the trial. See Criminal Jury Instructions for the District of Columbia, No. 2.21 (3d ed. 1978). The trial judge declined to do so "in light of the fact that my

1. D.C.Code § 22–3501(a) (1989).

2. D.C.Code § 22–3501(b) (1989).

3. D.C.Code §§ 22–503, –3502 (1989).

4. Hicks also filed a post-trial motion to vacate his sentence pursuant to D.C.Code § 23–110 (1989), alleging that his trial counsel was ineffective.

On April 20, 1994, following an evidentiary hearing, the trial judge denied the motion in a written order. In No. 94–CO–560, Hicks appealed from the denial of his § 23–110 motion, and the two appeals were consolidated. Substantially for the reasons stated by the trial judge in his well-crafted written opinion, we affirm the order denying Hicks' motion to vacate.

core instructions already ask [the jurors] to examine the testimony of each witness and ask themselves questions [and] to be critical regarding the testimony of each witness." Hicks claims that this refusal was reversible error. We do not agree.

R.Y. was thirteen years of age at the time of trial. According to the Comment to Instruction No. 2.21 in the 1978 Redbook,

> [t]he Committee was in agreement with the suggestion received from one trial judge that [i]nstruction [2.21] should be used only in cases where children appear to be impressionable by reason of their youth; the instruction may be inappropriate in the case of many children above the age of puberty.

This court has recognized that children's testimony is not inherently suspect, and that no special corroboration is required:

> Today, we leave it to the jury to consider a child's testimony along with all the other evidence. As is true with any witness, a child's testimony at times may be inconsistent or confused; and just as with any witness, such confusion or inconsistency will weigh in the jury's determination of credibility.

*Barrera v. United States,* 599 A.2d 1119, 1125 (D.C.1991).

■ "The prevailing view ... is that a trial judge retains discretion to determine whether the jury should receive a special instruction with respect to the credibility of a young witness, and, if so, the nature of that instruction." *State v. James,* 211 Conn. 555, 560 A.2d 426, 434 (1989) (citations and internal quotation marks omitted); *see also Guam v. McGravey,* 14 F.3d 1344, 1349 (9th Cir. 1994). We agree with this "prevailing view."

*Barnes v. United States,* 600 A.2d 821 (D.C.1991), relied on by Hicks, is not to the

contrary. There, the issue was whether a specific modification of Redbook Instruction 2.21 was permissible,[5] and neither the parties nor the court addressed the entirely different question whether a cautionary instruction *must* be given whenever a minor child testifies. In *Barnes,* the judicial mind was not asked to focus upon, and the opinion did not address, the point at issue here. *See Murphy v. McCloud,* 650 A.2d 202, 205 (D.C. 1994). That decision therefore lends no support to Hicks' position.

■ In the present case, the judge instructed the jury extensively with respect to the factors to be considered in evaluating the credibility of a witness. In the absence of some unusual circumstance necessitating a special instruction, a general credibility instruction is ordinarily sufficient. *See, e.g., Coleman v. United States,* 379 A.2d 951, 955 (D.C.1977). "If the instructions given correctly cover the case, no error is committed regardless of the fact that other refused instructions may also contain proper statements of the law." Edward J. Devitt, *et al.,* Federal Jury Practice & Instructions § 7.05, at 236–37 (4th ed.1992); *see also* authorities cited *id.* at 237 n. 6. Given R.Y.'s age, the jury's ability to observe him, and the judge's general instruction as to credibility, Hicks has not shown that the judge abused his discretion by declining to give the requested instruction. In addition, we perceive no appreciable possibility that Hicks was prejudiced.[6]

## III.

### HICKS' CLAIM THAT THE OFFENSES MERGE

*A. The Elements of the Offenses and the Statutory Penalties.*

was permissible, and we affirmed Barnes' conviction.

---

5. The 1978 Redbook instruction, quoted in its entirety in the *Barnes* opinion, 600 A.2d at 824–25 n. 6, stated that "[c]hildren are likely to be more suggestible than adults." The trial judge in *Barnes* instructed the jury, instead, that "children *may be* more suggestible than adults." This court agreed with the trial judge that the revision

6. Nothing in this opinion is to be construed as precluding a judge, in the exercise of his or her discretion, from giving a special instruction as to a child witness if that witness exhibits immatu-

■ Hicks contends in this court[7] that his convictions for indecent liberties and for enticement for the purpose of taking indecent liberties merge into what he characterizes as the "greater offense" of assault with intent to commit sodomy. He thus assumes that indecent liberties and enticement are lesser included offenses of AWIS. We disagree.

Under the "elements" test which this court adopted in *Byrd v. United States*, 598 A.2d 386 (D.C.1991) (en banc), there can be no merger here. Both indecent liberties and enticing contain elements different from those which the government must prove in a prosecution for AWIS. Specifically, indecent liberties requires a prohibited act with a child under the age of sixteen; enticement must also be directed at a child under sixteen, and requires proof that the defendant took, enticed or lured a child to a place for the purpose of taking indecent liberties. *See* D.C.Code § 22–3501(a); *Evans v. United States*, 299 A.2d 136, 139–40 (D.C.1973); 1993 Redbook § 4.65 A (indecent liberties); and D.C.Code § 22–3501(b); 1993 Redbook § 4.65 B (enticement). In addition, in order to prove either indecent liberties or enticement, the prosecution must show that the defendant acted with the specific intent of arousing, appealing to or gratifying the lust or passions or sexual desires of the defendant, the child, or both. *Evans, supra,* 299 A.2d at 140; 1993 Redbook § 4.65 A & 4.65 B.

AWIS, on the other hand, requires proof that the defendant assaulted the complainant and that he did so with the specific intent to commit sodomy.[8] *See* 1993 Redbook § 4.68. The government need not show that the victim was a child, or that the defendant actually took sexual liberties with the victim or enticed the victim, or that he acted with the specific intent to arouse either the child's sexual desires or his own.

■ Hicks maintains that even if the offenses of which he was convicted have different elements and might not merge under other circumstances, we should hold that they merge in light of the evidence in this case. Assuming, without deciding, that this position would have been tenable on these facts prior to our *en banc* decision in *Byrd,* it cannot be successfully maintained now. We held in *Byrd,* quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), that

> [w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires a proof of a fact which the other does not.

*Byrd,* 598 A.2d at 389. We explained that "in applying this test, the court looks at the statutorily-specified elements of each offense and not [at] the specific facts of a given case as alleged in the indictment or adduced at trial." *Id.; see also* D.C.Code § 23–112. We concluded that "the *Blockburger* rule is to be applied in the analysis of multiple punishment issues 'in the absence of a clear indication of contrary legislative intent.'" *Id.* (quoting *Whalen v. United States,* 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980)). We are therefore precluded from taking the fact-based approach which Hicks seeks to invoke.

Moreover, we have held that "a lesser included offense must be both *lesser* and *included.*" *Ball v. United States,* 429 A.2d 1353, 1360 (D.C.1981) (emphasis in original)

---

rity, suggestibility, or some other trait relevant to credibility. *See James, supra,* 560 A.2d at 434.

**7.** We have found no indication in the record that Hicks moved to set aside his sentence as illegal, *see* Super.Ct.Crim.R. 35, or otherwise made any claim of merger in the trial court. His post-trial motion pursuant to § 23–110 does not include any allegation that his trial counsel was ineffective for failure to raise a double jeopardy claim. Although Hicks apparently raises the merger issue for the first time on appeal, the government has not asked us to apply the "plain error"

standard of review. *See Watts v. United States,* 362 A.2d 706 (D.C.1976) (en banc). Because Hicks' claims are lacking in merit in any event, we need not decide whether "plain error" analysis applies in this particular sentencing context.

**8.** Unlike AWIS, indecent liberties and enticement do not require a showing of sodomy or of an intent to commit sodomy. Sexual abuse of minors not involving anal or oral sex is also obviously punishable under the rubric of indecent liberties.

(quoting *United States v. Cady*, 495 F.2d 742, 747 (8th Cir.1974)). "[An] offense with [a] heavier penalty [can]not be regarded as a lesser offense than ... one with [a] lighter penalty." *Craig v. United States*, 523 A.2d 567, 568 (D.C.1987) (citing *Ball, supra,* 429 A.2d at 1360). The maximum penalties for the three offenses of which Hicks was convicted are as follows:

| Offense | Statutory Provision | Maximum Penalty |
|---|---|---|
| Indecent liberties with a child | D.C.Code § 22–3501(a) | 10 years |
| Enticing a child for purpose of taking indecent liberties | D.C.Code § 22–3501(b) | 5 years |
| Assault with intent to commit sodomy | D.C.Code §§ 22–503, –3502 | 5 years |

Accordingly, contrary to Hicks' contention, AWIS cannot be a "greater" offense than taking indecent liberties or enticement.[9]

### B. Legislative Intent.

■ Finally, Hicks contends that the legislature has explicitly forbidden convictions for taking indecent liberties and for enticement on facts such as those presented here. He relies on D.C.Code § 22–3501(d) (1989), which states that "[t]he provisions of this section [taking indecent liberties and enticement] shall not apply to the offenses covered by § 22–3502 [sodomy] or by § 22–2801 [carnal knowledge]." *See Watson v. United States*, 524 A.2d 736, 742 (D.C.1987) (holding that enticement and sodomy merge under § 22–3501(d)). Citing *Brake v. United States*, 494 A.2d 646, 650 (D.C.1985), for the proposition that in an assaultive sodomy case, assault with intent to commit sodomy may be a lesser included offense of sodomy, Hicks maintains that § 22–3501(d) compels the vacation of his convictions for taking indecent liberties and for enticement.

In light of our subsequent decision in *Byrd*, however, *Brake* is fatal to Hicks' contention. In *Brake*, the court analyzed the issue whether AWIS is a lesser included offense of sodomy as follows:

[B]ecause an assault with intent to commit sodomy has an element of force or violence not necessarily present in a criminal act of sodomy, and thus does not necessarily "consist *entirely* of some but not all of the elements" of the prior conviction for sodomy, *Pendergrast v. United States*, 332 A.2d 919, 924 (D.C.1975) (citations omitted) (emphasis added), it is not necessarily a lesser included offense of sodomy.

The question then becomes whether assault with intent to commit sodomy can ever be a lesser included offense of sodomy. *If that question were to be resolved solely by reference to the statutory elements of the two crimes, the answer would be no. See Albernaz v. United States*, 450 U.S. 333, 336–39, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).... But if the court were entitled to refer to the facts underlying the sodomy conviction, as we did in another context in *Arnold v. United States*, 467 A.2d 136, 139 (D.C.1983) (per curiam), there would be room—in an assaultive (*i.e.,* non-consensual) sodomy case—to characterize assault with intent to commit sodomy as a lesser included offense.

*Id.* at 650 (emphasis added; footnote and additional citations omitted).

In *Byrd,* we held that the question of merger must be resolved solely by reference to the statutory elements of the two crimes, and we specifically overruled *Arnold* and other cases which relied on a fact-based analysis. *Byrd, supra,* 598 A.2d at 390. As the court explicitly recognized in the passage we have quoted from *Brake,* AWIS cannot be a lesser included offense of sodomy under an "elements only" approach. Accordingly, § 22–3501(d), which provides that the indecent liberties and enticement statute shall not apply to the offense of sodomy, does not support a merger of offenses in this case.

Our conclusion is buttressed by the legislative history of the Miller Act, of which the indecent liberties and enticement provisions

---

**9.** *Ball* and *Cady* were decided before our dispositive adoption, in *Byrd,* of the pure "elements" test for resolving "multiple punishment" issues. See discussion at pp. 6–7, *supra.* In most (if not all) cases, and specifically in this one, a *Byrd* analysis leads to the same result as that dictated by *Ball* and *Cady.* We therefore need not decide whether the doctrine of *Ball* and *Cady* would survive in the unusual case, if one exists, in which, under a *Byrd* "elements" test, an offense with a greater punishment would constitute a lesser included offense of one with a lesser punishment.

are a part. According to the Senate Report, which incorporates the House Report:

> Two principal objectives sought to be accomplished by the provisions of title 1 are
>
> (1) *A strengthening of the laws* as they relate to sex offenses against children. Throughout title 1 a child is defined as a person under the age of 16 years.
>
> (2) A *strengthening of the laws* as they deal with sodomy and perverted practices.

SENATE COMM. ON THE DISTRICT OF COLUMBIA, SEXUAL PSYCHOPATHS, S.Rep. No. 1377 on H.R. 6071, 80th Cong., 2d Sess. 1715 (1948) (emphasis added). The Report states that the provision, now codified as § 22–3501(d),

> withdraws from the section the offense[s] of carnal knowledge and sodomy, which are covered in other sections of the code [citations omitted], *and which provide for more severe penalties than those provided in this section.*

*Id.* at 1717 (emphasis added).

The language which we have italicized applies to sodomy, an offense punishable by imprisonment for twenty years if committed against a person less than sixteen years of age. *See* D.C.Code § 22–3502 (1989). The maximum penalty for AWIS, on the other hand, is imprisonment for five years—which is less than the ten-year maximum for indecent liberties. Congress did not intend, in attempting to strengthen the laws protecting children from sexual abuse, to preclude convictions for indecent liberties (a ten-year offense) and enticement (a five-year offense) or to force the prosecution to rely exclusively on AWIS (a five-year offense).

## IV.

## CONCLUSION

For the foregoing reasons, each of Hicks' convictions is hereby

*Affirmed.*